TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 96-806 |
| of | : | |
| | : | August 5, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE STATE BOARD OF EQUALIZATION has requested an opinion on the following questions:

1. Does the Multistate Tax Compact require California to remain a member of the Multistate Tax Commission unless and until the compact is repealed in accordance with its provisions?

2. What is the effect of the Legislature's language regarding California's continuing membership on the Multistate Tax Commission that is contained in the budget legislation for fiscal year 1996-1997?

3. Is California required to continue paying its Multistate Tax Commission assessments unless and until it withdraws from the Multistate Tax Compact?

4. Which state agency or agencies bears responsibility for the payment of California's Multistate Tax Commission dues?

CONCLUSIONS

1. The Multistate Tax Compact provides that California is a member of the Multistate Tax Commission unless and until the compact is repealed in accordance with its provisions.

2. The effect of the Legislature's language regarding California's continuing membership on the Multistate Tax Commission that is contained in the budget legislation for fiscal year 1996-1997 is to declare a policy disapproving attendance at commission meetings by the California member if the meetings are not generally open to the public after January 1, 1997.

3. California remains liable for its Multistate Tax Commission assessments chargeable to it prior to the time of its withdrawal from the Multistate Tax Compact.

4.        Only the Legislature bears responsibility for the payment of California's Multistate Tax Commission dues.

ANALYSIS

In 1974 the Legislature enacted the Multistate Tax Compact ("Compact") as part of California law. (Rev. & Tax. Code, §§ 38001-38021.) **Footnote No. 1** The purposes of the Compact are to:

"1.        Facilitate proper determination of State and local tax liability of multistate taxpayers, including the equitable apportionment of tax bases and settlement of apportionment disputes. The Compact, in turn, created the Multistate Tax Commission, and California is a member of the Commission by virtue of its participation in the Compact.

"2.        Promote uniformity or compatibility in significant components of tax systems.

"3.        Facilitate taxpayer convenience and compliance in the filing of tax returns and other phases of tax administration.

"4.        Avoid duplicative taxation." (§ 38006, art. I.)

The Compact is administered by the Multistate Tax Commission ("Commission") "composed of one `member' from each party state who shall be the head of the State agency charged with the administration of the types of taxes to which this compact applies. If there is more than one such agency the state shall provide by law for the selection of the Commission member from the heads of the relevant agencies." (§ 38006, art. VI, subd. (1)(a).) In California, the Franchise Tax Board ("FTB") and the State Board of Equalization ("SBE") take turns annually representing California on the Commission. Section 38011 provides:

"The executive officer of the Franchise Tax Board shall be the member of the Multistate Tax Commission to represent this state for the commission's fiscal year period beginning in even-numbered calendar years and the executive secretary of the State Board of Equalization shall be such member for the commission's fiscal year period beginning in odd-numbered calendar years."

The four questions presented for resolution concern the following language included by the Legislature in the Budget Act for the 1996-1997 fiscal year:

"Continuing membership by California in the Multistate Tax Commission shall be contingent upon the commission adopting, by publicly-recorded action, and implementing, by January 1, 1997, an open-meeting policy that is consistent with the Bagley-Keene Open Meeting Act (§ 11120 and following, Gov. Code) so as to provide public access to all commission meetings except those involving discussions of personnel matters, confidential taxpayer information, or litigation." (Stats. 1996, ch. 162, items 1730-001-0001, provision 4, and 0860-001-0001, provision 1.)

1.        Membership on the Commission